# Law Offices of
# Daniel A. McGuinness, PC

260 Madison Ave, 17th Floor, New York, NY 10016
Tel: (212) 679-1990 · Fax: (888)-679-0585 · Email: dan@legalmcg.com

November 15, 2019

<u>**VIA ECF**</u>

Memo Endorsed

Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Pusepa v. Annucci,* 17 CV 7954 (RA) (OTW)

Dear Judge Wang:

    I, along with Zachary Margulis-Ohnuma and Victoria Medley, represent the plaintiff Yekatrina Pusepa in the above-captioned case. I write pursuant to Rules 26(c)(1) and 30(d)(3) of the Federal Rules of Civil Procedure and Section II(b) of the Court's Individual Rules of practice in Civil Case for a protective order to move to forbid inquiry into certain matters. The parties met and conferred in person on this issue on November 13, 2019, and again by telephone on November 14, 2019.

    Plaintiff's deposition began on November 13, 2019 and will continue at a mutually convenient time in any event. At the deposition, Defendants represented by the New York State Attorney General's Office ("AG Defendants") sought to inquire into Plaintiff's romantic life, outside and apart from the sexual abuse in this case, and asked about details of the settlement agreement with Ruben Illa. Neither topic is relevant or likely to lead to relevant information, and should inquiry into these topics should be forbidden.

### *Plaintiff's Prior and Subsequent Relationships*

    At the deposition, AG Defendants asked Ms. Pusepa about her current romantic relationships, and have since stated that they intend to ask her about prior relationships as well. Federal Rule of Evidence 412 states that this type of information – evidence of other sexual behavior or sexual predisposition – is inadmissible. The Rule "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." *Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000) (quoting,

Rule 412, Advisory Committee Notes to 1994 Amendments ("Advisory Committee Notes")). Although the Advisory Committee Notes acknowledge that Rule 412 does not apply to discovery, they nevertheless less provide as follows:

> In order not to undermine the rationale of Rule 412 . . . courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery. In an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or predisposition in the workplace may perhaps be relevant, non-workplace conduct will usually be irrelevant.

Following this guidance, Courts routinely issue protective orders for such information. *See e.g. Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 58 (S.D.N.Y. 2018) (quashing subpoena seeking "sexual or romantic" communications with Plaintiff and other men); *Holcomb v. State Univ. of N.Y.*, 12-cv-673A, 2015 U.S. Dist. LEXIS 35144, at *4-11 (W.D.N.Y. Mar. 20, 2015) (denying motion to compel the plaintiff-victim to respond to deposition questions concerning her "romantic interactions"); *Doe v. San Diego*, 12-cv-0689(MMA)(DHB), 2013 U.S. Dist. LEXIS 109061, at *11-16 (S.D. Ca. Aug. 1, 2013) (collecting cases and holding that, despite potential relevance of questions about plaintiff-victim's relationships, given the "exclusionary nature and underlying policies of Rule 412" discovery should be precluded); *De Souza v. Pioneer Janitorial Servs.*, 2011 U.S. Dist. LEXIS 114397, at *3-5, (D. Mass. Oct. 4, 2011) (granting protective order, stating "additional questioning regarding the intimate details of the plaintiff's personal life is simply a fishing expedition and goes beyond the acceptable boundaries of discovery.")

Moreover, questions about current or past sexual or romantic relationships are especially irrelevant in this case, because, as the District Court has explained in this matter, Plaintiff was incapable of giving legal consent. *See* Feb. 19, 2019 Order and Opinion, ECF No. 122 at 8-9 ("Whether Plaintiff considered her sexual contact with CO Illa to be consensual is immaterial; under New York Penal Law § 130.05, a person is deemed incapable of consent when she is committed to the care and custody of the state department of correctional services.") The inquiries made by AG Defendants are not made in good faith and can serve only to harass and embarrass Ms. Pusepa.

*Terms of Settlement Agreement with CO Illa*

AG Defendants also seek details regarding Plaintiff's confidential settlement with Illa. Although it is true that Plaintiff cannot shield a settlement agreement from discovery merely because it contains a confidentiality provision, discovery of such an agreement is only appropriate if it is itself relevant or likely to lead to relevant evidence. *See ABF Capital Mgmt. v. Askin Capital Mgmt.*, 2000 U.S. Dist. LEXIS 3633, at *8 (S.D.N.Y. Feb. 8, 2000).

Plaintiff communicated to AG Defendants that 1) Plaintiff did not plan to call Illa as a witness; 2) the settlement agreement contained no admissions; and 3) the settlement agreement contains no provisions, obligations or mentions of Illa providing testimony. AG Defendants persist in seeking that information. In light of these facts, the settlement agreement is irrelevant and not likely to lead to relevant information. The settlement agreement would only be relevant to the apportionment of damages. "Under these circumstances, '[c]ourts routinely hold that settlement agreements may be withheld until after trial.'" *O'Neill v. LVNV Funding, LLC*, 14-cv-7636(ER)(DF), 2015 U.S. Dist. LEXIS 136673, at *2 (S.D.N.Y. Sept. 30, 2015) (quoting *King Cnty. v. IKB Deutsche Industriebank AG*, 09-cv-8387(SAS), 2012 U.S. Dist LEXIS 116583, at *1 (S.D.N.Y. Aug. 17, 2012)). If necessary, the Court could conduct an *in camera* review of the settlement, as was done in *King Cnty.*, *supra*, but Plaintiff respectfully submits that it is not necessary as her counsel's representations should suffice.

Please contact me at your earliest convenience to schedule the meet-and-confer relating to these demands. Thank you for your attention to this case.

Sincerely,

Daniel A. McGuinness

---

By **November 22, 2019**, Defendants must submit a detailed letter identifying and describing the questions they intend to ask regarding Plaintiff's "current romantic relationships" and "prior [romantic] relationships." The letter must also explain why such questions are appropriate and relevant to this case. In the alternative, Defendants may inform the Court that they no longer intend to pursue this line of questioning.

By **November 22, 2019**, Plaintiff must produce, for *in camera* review, the settlement agreement with CO Illa. Plaintiff may send the agreement to Chambers via email.
**SO ORDERED.**

_____
Ona T. Wang          11/19/2019
U.S. Magistrate Judge