# Law Offices of

# Daniel A. McGuinness, PC

260 Madison Ave, 17ᵀᴴ Floor, New York, NY 10016
Tel: (212) 679-1990 · Fax: (888)-679-0585 · Email: dan@legalmcg.com

January 3, 2020

<u>VIA ECF</u>

Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *Pusepa v. Annucci*, 17-cv-7954 (RA)(OTW)

Dear Judge Wang:

    I am co-counsel for Plaintiff Yekatrina Pusepa in the above-captioned matter. I am respectfully requesting that the Court So Order the following schedule to allow for a briefing of all outstanding discovery issues prior to the next conference scheduled for February 5, 2020: Defendants[1] must give a final response to Plaintiff's Document Demands that have not yet been completed by **January 10, 2020**; Plaintiff to submit motions to compel production by **January 17, 2020**; and Defendants to submit any response by **January 31, 2020.** Plaintiff engaged in a meet-and-confer by phone, most recently, on December 12, 2019.

<u>Relevant Background</u>

    Defendants have agreed to produce some documents (to the extent they exist) to each of Demands 3, 4, 5, 7, 8, and 39, but have missed their own prior production deadlines, and offer no timetable moving forward. Defendants object to producing any documents responsive to Demand Nos. 27 and 41. The full text of Plaintiff's Document Demands and Defendants responses are attached hereto. The relevant Demands are summarized below.

- **Demand 3** seeks communications between parties concerning Plaintiff;

- **Demand 4** seeks documents concerning Plaintiff's designation to, and release from administrative segregation;

- **Demand 5** seeks documents concerning the parties' personnel files related to previous incidents;

---

[1] "Defendants" in this letter refers only the remaining defendants represented by the State of New York Attorney General's Office.

Hon. Ona T. Wang
January 3, 2020
Page 2 of 3

- **Demand 7** seeks documents concerning supervisory rounds in the Units where Plaintiff was held during the relevant period;

- **Demand 8** seeks documents concerning DOCCS staff schedules for the units where Plaintiff was held during the relevant period;

- **Demand 27** seeks documents related to DOCCS policies on how to investigate allegations of sexual abuse;

- **Demand 39** seeks documents concerning the auditing or reviewing of sexual misconduct by DOCCS staff;

- **Demand 41** seeks documents concerning the need for change in DOCCS policies practices or procedures regarding the issue of sexual misconduct.

Plaintiff served her document demands on April 25, 2019. By order of the Court, Defendants' responses were due on July 31, 2019. Following an agreed upon extension, Defendants served their Reponses and Objections on August 5, 2019. For Demands 3 and 4, Defendants agreed to produce documents within 30 days of the entry of a Protective Order. A Protective Order was entered in this case on August 15, 2019. *See* ECF No. 124. On September 9, 2019, Plaintiff sent an email detailing deficiencies in Defendants' responses. The parties spoke via telephone on September 10, 2019, and Defendants agreed to supplement their responses. On October 4, 2019, Defendants produced a letter supplementing their responses.

On October 29, 2019, Plaintiff emailed another deficiency letter stating, *inter alia*, that Defendants had still not produced responsive documents to Demand Nos. 3, 4, 5, 7, 8 and 39. On November 14, 2019, the parties met via telephone. Defendants agreed to give final answers as to whether additional documents would be provided by November 27, 2019. No answers or additional documents responsive to those requests have been given. Another phone conference between the parties was held on December 12, 2019. Defendants declined to give a date by which an answer or documents would be given. To date, Defendants have also not produced a privilege log for any withheld documents.

## Request for the Production and Briefing Schedule

As detailed above, Plaintiff has made repeated good-faith efforts to obtain a final answer on several document demands and has given Defendants ample time to respond. Plaintiff requests that the Court direct Defendants to give a final response by January 10, 2020 to Demands 3, 4, 5, 7, 8 and 39.

Plaintiff intends to move to compel Defendants to produce documents responsive to Demands 27 and 41. Demand 27 seeks documents detailing the policies for the investigation of incidents of sexual abuse at DOCCS facilities. As

Hon. Ona T. Wang
January 3, 2020
Page 3 of 3

part of Plaintiff's claims, she has alleged that DOCCS inadequately and improperly investigates its own staff for sexual abuse violations, including an utter failure to discipline any staff for not reporting known sex abuse. In particular, Plaintiff was coerced and pressured by investigators, who treated her as if she had been a perpetrator and not a victim of sexual abuse. Plaintiff requires documents related to training of investigation of sex abuse claims to demonstrate that inadequate policies and procedures existed to protect her from improper retaliation and harassment following her abuse.

Demand 41 seeks documents directly related to internal discussions of the policy at issue in this case. Plaintiff seeks emails from the parties related to the creation and failure to create the unconstitutional policies that allow sexual abuse to fester in DOCCS facilities and plague female inmates. Despite having not produced a privilege log for any withheld documents, Defendants primarily object on deliberative privilege grounds. Defendants have simply stated a blanket privilege rather than locate responsive documents and determine whether they truly meet the criteria for the narrowly tailored privilege. Asserting this privilege out of a mere desire to not produce documents is insufficient. *See Toney-Dick v. Doar*, Case No. 12-cv-9162(KBF), 2013 U.S. Dist. LEXIS 145480, *6 (S.D.N.Y. 2013) ("The Supreme Court has held that materials are not to be withheld on the basis of the deliberative process privilege simply because the agency deems them confidential and would prefer not to disclose them.") Even if Defendants are able to establish some responsive documents as deserving of the deliberative process privilege, the required balancing of interests favors their disclosure. *See Delphi Corp. v. United States (In re Delphi Corp.)*, 276 F.R.D. 81 (S.D.N.Y. ) ("Where the deliberative or decision making process is the 'central issue' in the case, the need for the deliberative documents will outweigh [other considerations].") This case alleges that Annucci, Effman, and Kaplan created and failed to create unconstitutional policies that caused her sexual abuse. As such, the documents showing that creation and continuation of those policies are essential.

For the foregoing reasons, I ask the Court to So Order the requested schedule. I thank the Court for its attention to this matter.

Sincerely,

Daniel A. McGuinness

Enclosure

Cc: All Counsel (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
YEKATRINA PUSEPA,

                            Plaintiff,

         – against –

ANTHONY J. ANNUCCI, et al.,

                        Defendants.
-------------------------------------------------------------- X

17-CV-7954 (RA)

[rel. 16-cv-1473 (RA)]

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST DEMAND FOR DOCUMENTS**

Defendants Anthony Annucci, Jason Effman, Sabina Kaplan, Christian Nunez, Dusty Rubaine, Mariam Ali, and Steven Broomer (collectively "State Represented Defendants"), by their attorney LETITIA JAMES, Attorney General of the State of New York, as and for their responses to Plaintiff's First Demand for Documents ("Demand"), state as follows:

## PRELIMINARY STATEMENT

1.      State Represented Defendants' responses are based upon information known to or believed by State Represented Defendants at the time of responding to these Demands. State Represented Defendants reserve the right to amend these responses if they learn of new information through discovery or otherwise, and will supplement these responses to the extent required by the Federal Rules of Civil Procedure and other applicable laws governing disclosure in this action, up to and including trial.

2.      The fact that State Represented Defendants state that they will produce any non-objectionable and non-privileged documents or information does not mean that such documents or information exist. By referring Plaintiff to documents, State Represented Defendants do not concede the admissibility or relevance of any document produced or referred to or that the document is original, true, accurate, complete, or authentic. State Represented Defendants reserve

the right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to the use of, any information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

     3.     State Represented Defendants also note that production of information and or documents may contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize institutional safety or security, or contain confidential information. Any agreements to produce such documents herein, is contingent upon entry of a sufficient protective order.

     4.     Plaintiff uses the undefined term "sexual misconduct" throughout the Demands. State Represented Defendants shall interpret this term consistent with the definitions of the Prison Rape Elimination Act ("PREA").

## STATE REPRESENTED DEFENDANTS' RESPONSE TO "PLAINTIFF'S FIRST DEMAND FOR DOCUMENTS"

### DOCUMENT DEMAND NO. 1

     1.     Produce any document concerning the relationship between ILLA and Plaintiff, including, but not limited to, any documents created or obtained by the DOCCS' or New York Attorney General's investigation of ILLA; any correspondence allegedly between ILLA and Plaintiff; any documents confiscated from Plaintiff or her cell; and any documents reporting the relationship to DOCCS Staff.

### RESPONSE TO DOCUMENT DEMAND NO. 1

     State Represented Defendants object to this Demand to the extent that it calls for documents that are confidential and privileged under HIPAA, the informant's privilege, law-enforcement privilege and work product privilege. Based on these objections, State Represented Defendants are withholding privileged documents from DOCCS' Office of Special Investigations ("OSI")

investigative file and the New York State Office of the Attorney General's ("OAG") criminal investigation and prosecution of defendant Illa.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce non-privileged responsive documents within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

**DOCUMENT DEMAND NO. 2**

2.    Produce any documents, including any video or audio recordings, of Plaintiff interacting with ILLA.

**RESPONSE TO DOCUMENT DEMAND NO. 2**

State Represented Defendants state responsive documents, if any, will be produced within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

**DOCUMENT DEMAND NO. 3**

3.    Produce any documents concerning or relating to communications between any of the parties concerning Plaintiff, including but not limited to emails, text messages, social media posts or messages, memoranda, correspondence, or any other form of recorded communication.

**RESPONSE TO DOCUMENT DEMAND NO. 3**

State Represented Defendants object to this Demand on the grounds that it is vastly overbroad, unduly burdensome, and vague and ambiguous because it does not limit the communications "concerning" Plaintiff or otherwise define the communications in relation to the subject of this lawsuit. State Represented Defendants further object to this Demand on the basis that disclosure of this information implicates institutional safety and security. State Represented

Defendants further object to this Demand to the extent that it seeks documents or information that are privileged and/or confidential under, *inter alia*, attorney-client privilege, work product privilege, investigative or law enforcement privilege, self-critical analysis privilege, and deliberative process privilege.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce responsive documents concerning incidents alleged in the Second Amended Complaint ("SAC") within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order. Responsive documents not regarding the incidents alleged in the SAC are being withheld.

**DOCUMENT DEMAND NO. 4**

4.     Produce any documents concerning Plaintiff's designation, assignment or confinement in administrative segregation (or any other restrictive housing unit, however denominated) from in or about December 2015 to in or about July 2016, including, but not limited to, any documents related to the initial or subsequent hearing; any documents concerning an appeal or other challenge of the administrative segregation determination; any documents concerning the release, or plan to release plaintiff from administrative segregation.

**RESPONSE TO DOCUMENT DEMAND NO. 4**

State Represented Defendants object to this Demand to the extent that it seeks documents or information regarding an appeal or other challenge of the administrative segregation determination including Plaintiff's Article 78 proceeding as privileged and/or confidential under, *inter alia*, attorney-client privilege, work product privilege, investigative or law enforcement privilege.

4

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce the hearing record, Bates Nos. STATE DP 00078-123, and state other responsive non-privileged but confidential documents will be produced within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

**DOCUMENT DEMAND NO. 5**

5. For each defendant (other than BROOMER), produce any documents concerning their employment at DOCCS, from the time of their hiring to the present, including, but not limited to, any hiring, background check or application documents; any resume or curriculum vitae; any performance review documents; any grievances, or complaints filed against them; and any documents related to any investigation or allegation concerning a violation of law or DOCCS policy by such defendant.

**RESPONSE TO DOCUMENT DEMAND NO. 5**

State Represented Defendants object to this Demand on the grounds that the Demand is vastly overbroad, not related to any claims or defenses of either party, and overly burdensome. State Represented Defendants also object to this Demand on the grounds that the requested items are privileged and confidential under, *inter alia*, N.Y. Civil Rights Law § 50-a, and Public Officer Law § 91 et seq. State Represented Defendants further object to this Demand as the disclosure of the responsive documents would jeopardize the safety and security of DOCCS staff and the burden and cost of the discovery of these confidential materials is not proportional to the needs of this case insofar as defendants have been employed with DOCCS for decades.

Accordingly, State Represented Defendants will consider responding further to a more narrow request.

**DOCUMENT DEMAND NO. 6**

6.     For BROOMER, produce any documents concerning his employment at NYAG, from the time of his hiring to the present, including, but not limited to, any hiring, background check or application documents; any resume or curriculum vitae; any performance review documents; any grievances, or complaints filed against them; and any documents related to any investigation or allegation concerning a violation of law or NYAG policy by such defendant.

**RESPONSE TO DOCUMENT DEMAND NO. 6**

State Represented Defendants object to this Demand on the grounds that the Demand is vastly overbroad, not related to any claims or defenses of either party, overly burdensome. State Represented Defendants also object to this Demand on the grounds that the requested items are privileged and confidential under, inter alia, N.Y. Civil Rights Law § 50-a, and Public Officer Law § 91 et seq, and the burden and cost of the discovery of these confidential materials is not proportional to the needs of this case insofar as defendant Broomer has been employed with OAG for more than half a decade.

Accordingly, State Represented Defendants will consider responding further to a more narrow request.

**DOCUMENT DEMAND NO. 7**

7.     For the units in which Plaintiff was confined from August 2014 to December 2015, produce any documents concerning the time and date of supervisory rounds, and the names of the officers who performed the rounds, including, but not limited to log books, video recordings, and supervisory schedules.

**RESPONSE TO DOCUMENT DEMAND NO. 7**

State Represented Defendants object to this Demand on the grounds that it implicates the privacy interests of non-party individuals and disclosure of this information would jeopardize the safety and security of the correctional facility. State Represented Defendants further object as to this Demand as non-proportional, extremely burdensome and any minimal relevance the requested documents have to the claims in this case is outweighed by the burden created by production of these materials as the information is not readily available, and cannot be responded to for the entire time period requested without incurring undue expenses, and/or imposing an unnecessary drain on department resources.

State Represented Defendants will consider responding further to a demand that is more limited in scope such as a request identifying certain dates within this time period.

**DOCUMENT DEMAND NO. 8**

8.      For the units in which Plaintiff was confined from August 2014 to December 2015, produce any documents concerning the scheduling of DOCCS Staff to work in those units, including, but not limited to, work schedules; and communications with DOCCS Staff concerning where they were assigned, changing shifts or requesting assignments.

**RESPONSE TO DOCUMENT DEMAND NO. 8**

State Represented Defendants object to this Demand on the grounds that it implicates the privacy interests of non-party individuals and disclosure of this information would jeopardize the safety and security of the correctional facility. State Represented Defendants further object to this Demand as non-proportional, extremely burdensome and any minimal relevance the requested documents have to the claims in this case is outweighed by the burden created by production of these materials as the information is not readily available, and cannot be responded to for the entire

time period requested without incurring undue expenses, and/or imposing an unnecessary drain on department resources.

State Represented Defendants will consider responding further to a demand that is more limited in scope such as a request identifying certain dates within this time period.

## DOCUMENT DEMAND NO. 9

9.      Produce any documents concerning any grievance or complaint filed by or concerning Plaintiff while she was incarcerated in a DOCCS facility.

## RESPONSE TO DOCUMENT DEMAND NO. 9

State Represented Defendants object to this demand on the grounds that it is unduly burdensome as it would require DOCCS to search for any grievances or complaint filed by any inmate that mentions plaintiff.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce grievances or letters filed by Plaintiff responsive to this Demand, and such other responsive documents filed by other inmates that are contained in files concerning Plaintiff. Responsive documents that may be located in files not relating to Plaintiff, if any, are withheld because the search required to locate such documents is overly burdensome. State Represented Defendants refer Plaintiff to Bates Nos. STATE DP 00001-77.

## DOCUMENT REQUEST NO. 10

10.      Produce any documents concerning the assault of Plaintiff by another inmate while in administrative segregation, in or around June 2016, including, any medical paperwork related to Plaintiff's injuries; any paperwork generated by DOCCS Staff related to the assault; any hearing or disciplinary action taken against Plaintiff or the other inmate concerning the assault; any hearing, grievance or disciplinary action taken against ALI; and any video or photo of the incident or

Plaintiff's injuries.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

State Represented Defendants object to this Demand to the extent it seeks information protected by HIPAA. State Represented Defendants further object to this Demand to the extent it implicates the privacy interests of a third party inmate and disclosure of this information would jeopardize the safety and security of the correctional facility.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce the Use of Force report with appropriate redactions, Bates Nos. STATE DP 00124-158, and state responsive documents regarding Plaintiff's medical information, if any, will be produced upon receipt of a suitable release. Responsive medical information of other persons, if any, is withheld based on the foregoing objections. Other responsive documents will be produced within 30 days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 11**

11.     Produce any documents concerning MOSS's threats to Plaintiff, including, but not limited to, any documents concerning any report, grievance, disciplinary action or hearing against any DOCCS Staff related to MOSS's threat to Plaintiff or failure to intervene during MOSS's threatening behavior.

**RESPONSE TO DOCUMENT REQUEST NO. 11**

State Represented Defendants object to this Demand to the extent that it seeks documents or information that are privileged and/or confidential under, *inter alia*, the investigative or law enforcement privilege and/or N.Y. Civil Rights Law § 50-a, and Public Officer Law § 91 et seq. State Represented Defendants also object to this Demand on the grounds that disclosure of the demanded documents would constitute an unwarranted invasion of privacy. Employment related

documents are privileged and confidential. State Represented Defendants further object because the staff whose information is requested must be given an opportunity to object to the disclosure of the requested information. Responsive documents, if any, are withheld based on the foregoing objections.

Subject to and without waiver of the foregoing objections, State Represented Defendants the responsive OSI investigative file will be produced after the investigation is closed and within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 12**

12.    Produce all documents from January 1, 2010 to December 31, 2015 reflecting all allegations of, investigations into, determinations of, responses to and resolutions of allegations of sexual misconduct by DOCCS Staff upon an inmate. This request includes all allegations of sexual misconduct regardless how initiated, including whether by PREA complaint, grievance, complaint, tab, letter to Superintendent, letters to the Commissioner or letters to any DOCCS official; and regardless of who initiated the allegation, whether an inmate or another source and whether the alleged victim or someone else. This request includes all documents reflecting investigations into such allegations, whether completed or not, and whether substantiated or not. This request includes all determinations, responses to and resolutions of such allegations, regardless of whether recommended action was taken. This request includes all documents reflecting referrals to the Bureau of Labor Relations or to any law enforcement agency. This request also shall include all documents reflecting whether the alleged perpetrator of the sexual misconduct received any sanction. Produce all documents concerning a re-assignment, disciplinary action, termination, or referral for prosecution of DOCCS Staff for an inappropriate relationship or sexual abuse of an inmate.

**RESPONSE TO DOCUMENT REQUEST NO. 12**

State Represented Defendants object to this Demand on the grounds that it is vastly overbroad, unduly burdensome, grossly disproportionate, and because the excessive burden imposed on the operation of DOCCS is outweighed by the minimal relevance to Plaintiff's claims. State Represented Defendants also object to this Demand on the grounds that responding would violate the privacy rights of third parties, including but not limited rights to privacy under the New York State Civil Rights Law, Sections 50-a and 50-b. State Represented Defendants further object insofar as much of the request seeks information, *inter alia* protected by the law enforcement privilege, and compliance with this Demand as drafted would require a diversion of substantially all DOCCS resources devoted to the prevention of sexual abuse.

Responsive documents, if any, are being withheld based on the foregoing objections.

**DOCUMENT REQUEST NO. 13**

13.   Produce all documents from January 1, 2010 to December 31, 2015 regarding requests for transfers or changes in job assignment by DOCCS staff at DOCCS Women's Facilities based on concerns of sexual misconduct or sexual harassment by other staff of themselves, of other staff, or of female prisoners.

**RESPONSE TO DOCUMENT REQUEST NO. 13**

State Represented Defendants object to this Demand on the grounds that it is vague, ambiguous, and largely incomprehensible. State Represented Defendants also object to this Demand on the grounds that responding would violate the privacy rights of third parties, including but not limited to, rights to privacy under the New York State Civil Rights Law, Section 50-a. State Represented Defendants further object to this Demand as not relevant to the claim or defense of any party and not proportional to the needs of the case insofar as it seeks documents concerning

sexual harassment of correctional staff.

Responsive documents, if any, are being withheld based on the foregoing objections.

**DOCUMENT REQUEST NO. 14**

14.    Produce all documents January 1, 2010 to December 31, 2016 concerning proposed or actual policies, procedures, and practices for screening DOCCS Staff for potential problems in supervising female prisoners or for the propensity to engage in sexual misconduct. This request includes but is not limited to policies, procedures, and practices concerning the Department's obtaining information regarding current and prospective employees about drug or alcohol problems, incidence of physical or sexual abuse, incidence of violence, and incidence of domestic violence, whether from the employee himself or from other sources.

**RESPONSE TO DOCUMENT REQUEST NO. 14**

State Represented Defendants object to this Demand as vague insofar as the terms "screening" and "propensity to engage in sexual misconduct" are undefined. State Represented Defendants also object to this Demand to the extent that disclosure of the demanded documents would disrupt the order and effective functioning of correctional facilities, and would jeopardize institutional safety and correctional goals.

Subject to and without waiver of the foregoing objections, responsive documents, if any, will be produced within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 15**

15.     Produce all documents, including videotapes, from January 1, 2010 to December 31, 2015 concerning the training, both pre-service and in-service, of DOCCS staff regarding supervision of female prisoners and sexual misconduct. This request includes, but is not limited to, documents regarding the needs and history of female prisoners, the signs of sexual misconduct, the duty to report sexual misconduct, and the statute addressing sexual relations between inmates and staff. This request also includes, but is not limited to, documents regarding the frequency and duration of pre-service and in-service training and whether training is mandatory for staff.

**RESPONSE TO DOCUMENT REQUEST NO. 15**

State Represented Defendants object to this Demand as vague. State Represented Defendants also object to this Demand to the extent it calls for information regarding pre-service training not provided by DOCCS and to the extent it covers training concerning sexual misconduct not related to staff on inmate.

Subject to and without waiver of the foregoing objections, responsive documents, if any, will be produced within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 16**

16.     Produce all documents from January 1, 2010 to December 31, 2015 concerning the responsibilities, duties, and obligations of DOCCS Staff who observed or become aware of sexual misconduct, an inappropriate relationship between a staff member and an inmate, or a staff member in a physical location indicating or consistent with engaging in sexual misconduct, and the responsibilities, duties, and obligations of DOCCS Staff if told by an inmate that she has been subjected to sexual misconduct. This request includes, but is not limited to, documents regarding

to whom staff report observations, complaints or reports of sexual misconduct, whether complaints and reports are maintained confidentially, and the consequences of failing to report observations, complaints or reports.

**RESPONSE TO DOCUMENT REQUEST NO. 16**

State Represented Defendants object to this Demand as vague insofar as the terms "physical location indicating or consistent with engaging in sexual misconduct" are undefined and appears to render the request vastly overbroad. State Represented Defendants also object to this Demand to the extent that disclosure of the demanded documents would jeopardize institutional safety and correctional goals.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce Directives 4027A and 4028A, Bates Nos. STATE DP 00182-199. State Represented Defendants will produce other responsive documents, if any, within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 17**

17.     Produce all documents from January 1, 2010 to December 31, 2015 concerning information provided to DOCCS Staff on prohibitions on sexual misconduct, sexual relationships, and inappropriate relationships with female prisoners including but not limited to information regarding possible sanctions.

**RESPONSE TO DOCUMENT REQUEST NO. 17**

This appears to be duplicative of Request Nos. 15 and 16. Subject to and without waiver of the foregoing objections, see Response to Document Request Nos. 15 and 16.

14

**DOCUMENT REQUEST NO. 18**

18.    Produce all documents from January 1, 2010 to December 31, 2015 concerning policies, procedures, practices, methods, and training to reduce or eliminate sexual misconduct by DOCCS Staff.

**RESPONSE TO DOCUMENT REQUEST NO. 18**

State Represented Defendants object to this Demand as overbroad insofar as it is not limited to "policies, procedures, practices, methods, and training" to reduce or eliminate sexual misconduct of female inmates by male DOCCS staff.

Subject to and without waiver of the foregoing objections, see Response to Document Request No. 15.

**DOCUMENT REQUEST NO. 19**

19.    Produce all documents from January 1, 2010 to December 31, 2015 concerning methods and practices of supervision designed to reduce or eliminate sexual misconduct including but not limited to post orders, policies and procedures regarding the frequency of rounds, the need for, use of, and measures to protect the confidentiality of unannounced rounds.

**RESPONSE TO DOCUMENT REQUEST NO. 19**

State Represented Defendants object to this Demand as vague insofar as the term "post orders" is undefined. State Represented Defendants further object to the extent that disclosure of the demanded documents would jeopardize institutional safety and correctional goals.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce responsive documents, if any, within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 20**

20.     Produce all documents from January 1, 2010 to December 31, 2015 regarding the need for additional supervision when DOCCS staff are assigned to or have access to areas that are not capable of observation by other staff or by inmates.

**RESPONSE TO DOCUMENT REQUEST NO. 20**

State Represented Defendants state that there are no areas not capable of observation by other staff. Therefore no responsive documents exist.

**DOCUMENT REQUEST NO. 21**

21.     Produce all compilations made regarding complaints and reports of sexual misconduct, including but not limited to the numbers of complaints and reports filed; complaints and reports investigated at the facility level; complaints and reports referred to the Inspector General's office for investigation; complaints and reports that are substantiated; complaints and reports that are referred to any law enforcement agency; and the numbers, types, and lengths of sanctions imposed by DOCCS.

**RESPONSE TO DOCUMENT REQUEST NO. 21**

State Represented Defendants object to this Demand as vague because compilations in connection with various categories is too vague to allow for a meaningful response. State Represented Defendants also object to this Demand as it is not limited in time.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce Surveys of Sexual Victimizations from 2010 to 2016, which contain much of the information requested.

**DOCUMENT REQUEST NO. 22**

22.    Produce all documents from January 1, 2010 to December 31, 2015 regarding supervision of DOCCS staff about whom there have been complaints or reports of sexual misconduct and of inmates who have complained of or reported sexual misconduct. This request includes but is not limited to documents regarding the use of additional rounds by supervisory staff to monitor and prevent misconduct by accused officers; limitations on accused officer contact with inmates generally or with certain female prisoners in particular; requiring the presence of a supervisor or another staff person when the accused officer is with particular inmates; and/or denying access to an accused officer to particular areas of the prison where sexual misconduct is alleged to have occurred.

**RESPONSE TO DOCUMENT REQUEST NO. 22**

State Represented Defendants object to this Demand as vague, ambiguous, and overbroad insofar as the terms "documents … regarding supervision of DOCCS staff" are undefined. State Represented Defendants also object to this Demand as unduly burdensome. State Represented Defendants further object to this Demand to the extent that it seeks documents or information that are privileged and/or confidential under, *inter alia*, N.Y. Civil Rights Law § 50-a, and Public Officer Law § 91 et seq. State Represented Defendants also object to this Demand on the ground that disclosure of the demanded documents would constitute an unwarranted invasion of privacy. Employment related documents are privileged and confidential. State Represented Defendants further object insofar as Demand is not limited to documents regarding defendant Illa. The Demand is also not proportional to the needs of the case because such information regarding non-parties is of minimal relevance at best to the claims Plaintiff alleges. State Represented Defendants further object because the staff whose information is requested must be given an opportunity to object to the disclosure of the requested information.

17

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce responsive documents, if any, regarding the supervision of defendant Illa within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 23**

23.    Produce all documents (excluding individual medical records) from January 1, 2010 to December 31, 2015 regarding pregnancies of women in DOCCS custody caused by alleged sexual relationships with DOCCS staff.  This request includes but is not limited to the number of pregnancies and investigations and actions taken as a result of such pregnancies.

**RESPONSE TO DOCUMENT REQUEST NO. 23**

State Represented Defendants object to this Demand on the grounds that disclosure of the demanded documents would constitute an unwarranted invasion of privacy and producing the requested documents would be crippling to the privacy concerns of non-parties.

Subject to and without waiver of the foregoing objections, State Represented Defendants do not believe there are any responsive documents.

**DOCUMENT REQUEST NO. 24**

24.    Produce all documents from January 1, 2010 to December 31, 2016 regarding the information provided to female prisoners in DOCCS custody on the steps they should take if (a) they experience sexual misconduct; (b) they observe sexual misconduct, an inappropriate relationship, or staff out of place in a manner consistent with sexual misconduct; or (c) they are told by an inmate that that inmate has been subjected to sexual misconduct.  This request includes but is not limited to information setting forth how, when, where, and to whom to file a complaint about such misconduct and how investigations into allegations of sexual misconduct are conducted, including but not limited to whether such investigations are confidential, whether a need exists to

preserve physical evidence, and whether a need exists for immediate reporting of the misconduct. This request includes but is not limited to information provided to female prisoners regarding possible sanctions for sexual relationships with DOCCS Staff, for filing a false complaint, or for benefiting from a sexual relationship with DOCCS Staff. This request also includes but is not limited to orientation materials provided at each of the women's prisons.

## RESPONSE TO DOCUMENT REQUEST NO. 24

State Represented Defendants object to this Demand to the extent that it seeks documents and information related to facilities other than Bedford Hills Correctional Facility.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce responsive documents such as the "Prevention of Sexual Abuse in Prison: What Inmates Need to Know" brochure, Inmate Orientation handbooks for Bedford Hills Correctional Facility, and Posters regarding the report sexual abuse and "Zero Tolerance."

## DOCUMENT REQUEST NO. 25

25.     Produce all documents instructing DOCCS Staff in how to investigate allegations of sexual abuse, including, but not limited to, any training materials, memos, emails or internal policies of the Office of Special Investigations or Bedford Hills Correctional Facility.

## RESPONSE TO DOCUMENT REQUEST NO. 25

State Represented Defendants object to this Demand as vague and vastly overboard. State Represented Defendants further object to this Demand on the ground that it seeks highly confidential non-public documentation concerning sensitive security issues protected by the law-enforcement privilege that was designed, in part, to prevent unwarranted disclosure of law enforcement techniques and procedures. State Represented Defendants further object on the grounds that any minimal relevance the requested documents have to the claims in this case is

19

outweighed by the burden created by production of these highly confidential and privileged materials. State Represented Defendants further object to this request to the extent that production of these materials would jeopardize institutional safety.

Responsive documents, if any, are being withheld based on the foregoing objections.

**DOCUMENT REQUEST NO. 26**

26.   Produce all documents concerning state and federal lawsuits filed between January 1, 2010 and December 31, 2016 alleging sexual misconduct by DOCCS staff including, but not limited to, the Notice of Intention, Claim, and Complaint, and all documents regarding the resolution of the case, including awards and settlements.

**RESPONSE TO DOCUMENT REQUEST NO. 26**

State Represented Defendants object to this Demand on the grounds that it seeks information that is equally available to plaintiff, a matter of public record, or obtainable from some other source that is more convenient, less burdensome, or less expensive. State Represented Defendants further object to this Demand as overbroad and not relevant to the claims or defense of any party in that it is not limited to the claims in this lawsuit alleging sexual abuse of a female inmate at Bedford Hills Correctional Facility by a male officer.

Responsive documents, if any, are being withheld based on the foregoing objections.

**DOCUMENT REQUEST NO. 27**

27.   Produce all documents from January 1, 2010 to December 31, 2015 concerning policies, procedures, and practices for conducting investigations of sexual misconduct in particular, and of misconduct by staff in general, whether conducted by grievance staff, facility staff, Inspector General staff, or by any other DOCCS staff, including but not limited to:

a.   the types of investigative techniques used;

b. how interviews and interrogations are conducted and whether, in any circumstances, they are required or encouraged to be conducted by female staff;

c. how complaints and reports of sexual misconduct are maintained and whether they are maintained confidentially;

d. how physical evidence is obtained, handled, and maintained, and how the chain of custody of physical evidence is preserved, including procedures regarding the use of a rape kit,

e. whether assessments of the credibility of witnesses are made and, if so, how;

f. whether patterns of misconduct of alleged perpetrators are considered and, if so, how;

g. the standards and criteria for substantiating a complaint or report of sexual misconduct, including, but not limited to, considerations of the credibility of witnesses; patterns of alleged misconduct by the perpetrator; evidence apart from physical proof and staff corroboration of sexual misconduct; prior complaints or reports of sexual misconduct against the staff person; staff presence out of place or in a physical location suggesting sexual misconduct; staff allowing inmates into areas where inmates are not permitted; staff engaging in behavior suggestive of an inappropriate relationship; staff giving contradictory statements to investigators; and staff refusing to speak to investigators or comply with requests for evidence;

h. whether, and in what circumstances, an alleged perpetrator of sexual misconduct can be removed from his post or from the prison or placed on leave while the investigation is pending;

i. whether the inmate who is alleged to be the victim of the misconduct is informed of the results of the investigation; and

21

j.  whether and in what circumstances an inmate is charged with a disciplinary offense for filing a false complaint or report or for having had a sexual relationship with an officer.

**RESPONSE TO DOCUMENT REQUEST NO. 27**

State Represented Defendants object to this Demand as vague, overbroad, unduly burdensome, seeks information not relevant to the claims or defenses of either party, and that any minimal relevance the requested documents have to the claims in this case is outweighed by the burden created by production of these highly confidential and privileged materials. State Represented Defendants further object to the extent the documents are  protected by the law-enforcement privilege that was designed, in part, to prevent  unwarranted disclosure of law enforcement techniques and procedures. State Represented Defendants further object to that extent this Demand seeks documentation beyond those requested in Request No. 25.

Responsive documents, if any, are being withheld based on the foregoing objections.

**DOCUMENT REQUEST NO. 28**

28.    Produce all documents from January 1, 2010 to December 31, 2015  concerning consideration of and the use of policies, procedures, and practices employing polygraphs in investigating complaints or reports of misconduct generally and complaints or reports of sexual misconduct in particular.

**RESPONSE TO DOCUMENT REQUEST NO. 28**

State Represented Defendants state that New York Criminal Procedure Law § 160.45, prohibits DOCCS officials from asking an alleged sexual assault victim to take a polygraph test.

22

**DOCUMENT REQUEST NO. 29**

29.    Produce all documents from January 1, 2010 to December 31, 2015 concerning consideration of the use of and policies, procedures, and practices for the actual use of video cameras or body cameras, whether for surveillance or for investigative purposes, in determining misconduct by staff generally and sexual misconduct in particular.

**RESPONSE TO DOCUMENT REQUEST NO. 29**

State Represented Defendants object to this Demand on the ground that it seeks information concerning DOCCS' "consideration" of the use of and policies, procedures, and practices for the actual use of video cameras or body cameras" which is protected by the deliberative process privilege.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce responsive documents reflecting the policy and practice for the use of video and body cameras at Bedford Hills Correctional Facility within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order. Other responsive documents, if any, are being withheld based on the foregoing objections.

**DOCUMENT REQUEST NO. 30**

30.    Produce all documents from January 1, 2010 to December 31, 2015 concerning consideration or discussion of use of and the policies, procedures, and practices for the actual use of covert investigations, undercover agents, wires, wiretaps, recording devices, monitoring of telephone calls and letters, taking of DNA, and other investigative tools in investigating complaints or reports of misconduct by staff generally and complaints or reports of sexual misconduct in particular.

**RESPONSE TO DOCUMENT REQUEST NO. 30**

State Represented Defendants object to this Demand as vague, overbroad, unduly burdensome, seeks information not relevant to the claims or defenses of either party, and that any minimal relevance the requested documents have to the claims in this case is outweighed by the burden created by production of these highly confidential and privileged materials. State Represented Defendants also object to the extent the documents are protected by the law-enforcement privilege that was designed, in part, to prevent unwarranted disclosure of law enforcement techniques and procedures. State Represented Defendants further object to this Demand on the ground that it seeks information concerning DOCCS' "consideration or discussion of use of" covert investigations, undercover agents, wires, wiretaps, recording devices, monitoring of telephone calls and letters, taking of DNA, and other investigative tools which is protected by the deliberative process privilege.

Responsive documents, if any, are being withheld based on the foregoing objection.

**DOCUMENT REQUEST NO. 31**

31.     Produce all documents from January 1, 2010 to December 31, 2015 concerning consideration of the use of and policies, procedures, and practices for the actual use of interviews of female prisoners—either upon their release from DOCCS custody, or upon their transfer to another DOCCS women's prison—regarding the issue of sexual misconduct.

**RESPONSE TO DOCUMENT REQUEST NO. 31**

State Represented Defendants object to this Demand on the grounds that the phrase "actual use of interviews" is vague and ambiguous regarding the context of this Demand. The Demand is too vague for a meaningful response.

24

## DOCUMENT REQUEST NO. 32

32.    Produce all documents from January 1, 2010 to December 31, 2015 concerning policies, procedures, and practices regarding the need for physical proof or staff corroboration of a complaint or report of sexual misconduct before sanction or other DOCCS action, including re-assignment of the perpetrator, can be taken in response to such a complaint or report.

## RESPONSE TO DOCUMENT REQUEST NO. 32

State Represented Defendants respond that an inmate's complaint of sexual misconduct can be substantiated without staff corroboration or physical evidence. Thus no responsive documents exist.

## DOCUMENT REQUEST NO. 33

33.    Produce all documents from January 1, 2010 to December 31, 2015 concerning policies, procedures, and practices for protecting female prisoners who complain of sexual misconduct from retaliation by the alleged perpetrator, by other staff, or by other inmates.

## RESPONSE TO DOCUMENT REQUEST NO. 33

State Represented Defendants object to this Demand as overbroad insofar as it seeks documentation not limited to Bedford Hills Correctional Facility.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce DOCCS Directives 4027A and 4028A, Bates Nos. STATE DP 00182-199. State Represented Defendants will produce other responsive documents within thirty (30) days of entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

## DOCUMENT REQUEST NO. 34

34.    Produce all documents from January 1, 2010 to December 31, 2015 concerning the policies, procedures, and practices for disciplining staff, including the range of disciplinary options

and sanctions that can be taken in response to a complaint or report of sexual misconduct within DOCCS.

**RESPONSE TO DOCUMENT REQUEST NO. 34**

State Represented Defendants object to this Demand as overbroad insofar as it seeks "the range of disciplinary options and sanctions" and is not limited to employment action taken against defendant Illa.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce responsive documents, if any, within thirty (30) days of entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 35**

35.     Produce all documents from January 1, 2010 to December 31, 2015 concerning the obligation of DOCCS line and supervisory staff to cooperate with or participate in investigations into sexual misconduct.

**RESPONSE TO DOCUMENT REQUEST NO. 35**

State Represented Defendants object to this demand as vague insofar as the terms "obligation" and "cooperate with or participate in investigations into sexual misconduct" are undefined. State Represented Defendants also object to this Demand as overbroad insofar as not limited to investigations of sexual misconduct of female inmates by male staff at Bedford Hills Correctional Facility.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce responsive documents regarding sexual misconduct investigation of male staff on female inmate within thirty (30) days of entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

26

**DOCUMENT REQUEST NO. 36**

36.     Produce all documents from January 1, 2010 to December 31, 2015 concerning charges lodged against female prisoners or placement or review of placement of female prisoners in a Special Housing Unit because of allegations of an inappropriate relationship with male staff or allegations of lying about an inappropriate relationship with male staff.

**RESPONSE TO DOCUMENT REQUEST NO. 36**

State Represented Defendants object to this Demand as not relevant to any claims or defenses of any party.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce DOCCS Directive 4933 concerning the placement of inmates in a Special Housing Unit, Bates Nos. STATE DP 00159-181.

**DOCUMENT REQUEST NO. 37**

37.     Produce all documents from January 1, 2010 to December 31, 2015 concerning any communication between DOCCS and any law enforcement agency about complaints, reports and investigations into sexual misconduct of female prisoners.  This request includes but is not limited to requests for investigations by any law enforcement agency such as requests for covert investigations, use of undercover agents, use of wires, use of wiretaps, use of recording devices, monitoring of telephone calls and letters, taking of DNA, placements of cameras, and other investigative tools.  This request also includes but is not limited to all records of investigations into sexual misconduct conducted by any law enforcement agency maintained by DOCCS, regardless of whether there was an arrest, an arraignment, an indictment, a trial, a plea, or a conviction.  For all such referrals and investigations, please provide all documents regarding any actions taken by DOCCS in conjunction with or in addition to action taken by any law enforcement agency,

including but not limited to any sanctions that were imposed by DOCCS.

**RESPONSE TO DOCUMENT REQUEST NO. 37**

State Represented Defendants object to this Demand insofar as on its face it seeks information covered by the law-enforcement privilege relating to preparation of criminal prosecution. State Represented Defendants further object to this Demand to the extent that it seeks documents or information that are privileged and/or confidential under, *inter alia*, N.Y. Civil Rights Law § 50-a, and Public Officer Law § 91 et seq. State Represented Defendants also object to this Demand on the grounds that disclosure of the demanded documents would constitute an unwarranted invasion of privacy. State Represented Defendants further object insofar as this Demand is not limited to documents regarding defendant Illa. The Demand is also not proportional to the needs of the case because such information regarding non-parties is of minimal relevance at best to the claims Plaintiff alleges.

Subject to and without waiver of the foregoing objections, State Represented Defendants will produce non-privileged responsive documents, if any, regarding defendant Illa within thirty (30) days of the entry of a suitable so-ordered Confidentiality Stipulation and Protective Order. Other non-responsive documents about individuals other than defendant Illa, if any, are being withheld on the basis of these objections.

**DOCUMENT REQUEST NO. 38**

38.     Produce all documents from January 1, 2010 to December 31, 2015 concerning compilations, in any form, of the number of referrals to any law enforcement agency for sexual misconduct, the number of prosecutions for sexual misconduct (regardless of whether charged as sexual misconduct or as other official misconduct)[1], and the results of such prosecutions.

---

[1] For example, CO ILLA plead guilty in Westchester County to a non-sexual offense for filing a false report. This

**RESPONSE TO DOCUMENT REQUEST NO. 38**

State Represented Defendants object to this Demand as vague because compilations in connection with various categories is too vague to allow for a meaningful response. State Represented Defendants further object on the grounds that this request is encompassed within and duplicative of Request No. 21.

Subject to and without waiver of the foregoing objections, see Response to Document Request No. 21.

**DOCUMENT REQUEST NO. 39**

39.     Produce all documents from January 1, 2010 to December 31, 2015 auditing or reviewing the issue of sexual misconduct, regardless of whether such documents were written by DOCCS Staff.  This request includes but is not limited to materials prepared by staff of the Inspector General's Office, the New York Commission on Corrections, the National Institute of Corrections or by the American Correctional Association; reports, studies, and compilations of data regarding sexual misconduct; internal and external audits conducted at the facility or the Central Office level; notes; reviews; outlines; results of focus groups and notes of such focus groups; assessments; agendas and notes of meetings; recommendations; and follow up actions taken.  This request also includes but is not limited to documents regarding the screening of officers; the assignment of officers to their positions; the assignment of male officers to female prisons, to female prison housing areas, and to female prisons housing areas in the nighttime; the use of the bidding system for officers' assignments in DOCCS; the training of officers; the institutional culture leading to sexual misconduct; the New York State union contract; the impact of Title VII on sexual misconduct; how complaints, reports and investigations of sexual misconduct are

---

request covers such instances.

conducted; the use of covert investigations, undercover agents, cameras, wires, wiretaps, recording devices, monitoring of telephone calls and letters, placements of cameras, and other investigative tools; the special needs of female prisoners; privacy issues; the mental health needs of female prisoners, particularly those prisoners who report abuse; the range of sanctions and the imposition of discipline on staff in DOCCS in response to allegations of sexual misconduct; the use of discipline, administrative segregation, transfers and treatment of female prisoners who complain of sexual misconduct; and any comparisons between New York State and other states with respect to any of these matters.  Responses to this request should identify the DOCCS staff member originally in possession of the materials.

**RESPONSE TO DOCUMENT REQUEST NO. 39**

State Represented Defendants object to this Demand as vague, overbroad, and complicated to the extent of being incomprehensible. State Represented Defendants further object on the grounds that this request appears to be duplicative of Requests Nos. 21 and 38.

Subject to and without waiver of the foregoing objections, <u>see</u> Response to Document Requests Nos. 21 and 38.

**DOCUMENT REQUEST NO. 40**

40.    Produce all documents from January 1, 2010 to December 31, 2015 regarding any reports, audits, or reviews of architectural and design issues within DOCCS women's prisons that indicate any effect on the existence or amount of sexual misconduct.

**RESPONSE TO DOCUMENT REQUEST NO. 40**

State Represented Defendants object to this Demand as vague and ambiguous as the terms "reports, audits, or reviews of architectural and design" are undefined. State Represented Defendants further to object this Demand as overbroad to the extent it seeks highly confidential

information concerning sensitive security issues disclosure of which to would jeopardize institutional safety, and to the extent it is not limited to Bedford Hills Correctional Facility. State Represented Defendants further object on the grounds that the information sought is not relevant to the claim or defenses of any party, and the burden of production outweighs any minimal relevance.

Responsive documents, if any, are being withheld based on the foregoing objections.

## DOCUMENT REQUEST NO. 41

41.     Produce all documents from January 1, 2010 to December 31, 2015 regarding the need for any change in DOCCS policies, procedures, or practices regarding the issue of sexual misconduct, including the reasons why such changes should be implemented or were implemented. This request includes but is not limited to documents regarding changes in hiring practices, assignment of staff, training materials, supervision of staff, the complaint mechanism, the investigative system, and the provision of mental health services.

## RESPONSE TO DOCUMENT REQUEST NO. 41

State Represented Defendants object to this Demand on the ground that documents "regarding the need for any change in DOCCS policies, procedures, or practices regarding the issue of sexual misconduct" are protected by the deliberative process privilege,.

Responsive documents, if any, are being withheld based on the foregoing objection.

## DOCUMENT REQUEST NO. 42

42.     Produce all documents concerning the incidence of sexual or physical abuse experienced by women in DOCCS custody prior to their incarceration.

## RESPONSE TO DOCUMENT REQUEST NO. 42

State Represented Defendants object to this Demand on the grounds that it is vastly

overbroad in temporal scope and, otherwise unduly burdensome, grossly disproportionate, the excessive burden imposed on the operation of DOCCS is outweighed by the minimal relevance to Plaintiff's claims. State Represented Defendants also object to this Demand on the ground that responding would violate the privacy rights of third parties, including but not limited to implicating the rights of sex offense victims under New York State Civil Rights Law, Section 50-b. State Represented Defendants further object to the extent that the information requested is confidential under New York State law.

Responsive documents, if any, are being withheld based on the foregoing objection.

## DOCUMENT REQUEST NO. 43

43.     Produce all documents concerning all efforts made by DOCCS to discover whether female inmates have been victims of sexual, physical, or psychological abuse, including but not limited to blank copies of all forms used in intake interviews, pre-sentence reports, and counseling reports, and instructions to intake interviewers and mental health workers.

## RESPONSE TO DOCUMENT REQUEST NO. 43

State Represented Defendants object to this Demand as vague insofar as the term "counseling reports" is undefined. State Represented Defendants also object to this Demand on the grounds that it is vastly overbroad in temporal scope and, otherwise unduly burdensome, grossly disproportionate, the excessive burden imposed on the operation of DOCCS is outweighed by the minimal relevance to Plaintiff's claims. State Represented Defendants also object to this Demand on the ground that responding would violate the privacy rights of third parties, including but not limited to implicating the rights of sex offense victims under New York State Civil Rights Law, Section 50-b. State Represented Defendants further object to the extent that the information requested is confidential under HIPAA and New York State law.

32

Responsive documents, if any, are being withheld based on the foregoing objections.

**DOCUMENT REQUEST NO. 44**

44.    Produce all documents from January 1, 2010 to December 31, 2015, whether formal or informal, regarding sexual misconduct not produced in response to another request, including but not limited to directives, internal communications, institutional orders, policies, procedures, and practices, employee manuals, inmate rulebooks, and rules and regulations.

**RESPONSE TO DOCUMENT REQUEST NO. 44**

State Represented Defendants object to this Demand as vague, ambiguous, seeks information not relevant to the claim or defenses of any party, and disproportionate insofar as the burden of production outweighs any minimal relevance to Plaintiff's claims. State Represented Defendants further object to this Demand as overbroad to the extent this Demand seeks documents beyond those requested in Requests Nos. 12-19, 21-22, 24-25, 27-43, 45, 47-49.

Subject to and without waiver of the foregoing objections, see Responses to Requests Nos. 12-19, 21-22, 24-25, 27-43, 45, 47-49. Further, responsive documents are being withheld based on the foregoing objections.

**DOCUMENT REQUEST NO. 45**

45.    Produce all documents from January 1, 2010 to December 31, 2015 regarding policies, procedures, and practices for providing mental health treatment to female prisoners who complain of sexual misconduct.

**RESPONSE TO DOCUMENT REQUEST NO. 45**

State Represented Defendants object to the extent that is not relevant to any claims or defenses of any party.

Subject to and without waiver of the foregoing objections, State Represented Defendants

will produce DOCCS Directive Nos. 0046, 4006, 4101, 4933, 4027A, and 4028A, Bates Nos. STATE DP 00159-255. Other responsive documents will be produced within thirty (30) days of entry of a suitable so-ordered Confidentiality Stipulation and Protective Order.

## DOCUMENT REQUEST NO. 46

46.    Produce a complete copy of plaintiff's Office of Mental Hygiene record and chart.

## RESPONSE TO DOCUMENT REQUEST NO. 46

State Represented Defendants shall interpret this Demand as a request for documents from the New York State Office of Mental Health ("OMH"). State Represented Defendants will produce Plaintiff's mental health records pursuant to a fully executed release after the review and determination required by New York Mental Health Law § 33.16 is completed.

## DOCUMENT REQUEST NO. 47

47.    Produce all policies, procedures, directives, and practices currently in effect or in effect at any time during the past five years regarding the provision of mental health services to female prisoners who complain of sexual misconduct, including, but not limited to, whether mental health services are routinely offered to women who complain of sexual misconduct and the types of mental health services available and actually provided to women who complain of sexual misconduct.

## RESPONSE TO DOCUMENT REQUEST NO. 47

State Represented Defendants object to this Demand on the ground that the information sought is not relevant to the claim or defense of any party. State Represented Defendants further object as duplicative of Request No. 45.

Subject to and without waiver of the foregoing objections, see Response to Document Request No. 45.

**DOCUMENT REQUEST NO. 48**

48.     Produce all documents from January 1, 2010 to December 31, 2015 received by OMH staff concerning complaints and reports by female prisoners of sexual misconduct and follow up actions taken by OMH in response to such complaints and reports.

**RESPONSE TO DOCUMENT REQUEST NO. 48**

State Represented Defendants object to this Demand on the ground that it appears to seek documents only in OMH's possession. State Represented Defendants also object to this Demand as not relevant to any claims or defenses of any party. State Represented Defendants also object to this Demand on the ground that responding would violate the privacy rights of non- parties, including but not limited to implicating the rights of sex offense victims under New York State Civil Rights Law, Section 50-b. State Represented Defendants also object to the extent that the information requested is confidential under HIPAA. State Represented Defendants further object to this Demand on the grounds that production of these records would violate the psychotherapist-patient privilege of non-parties.

Responsive documents, if any, are being withheld based on the foregoing objections.

**DOCUMENT REQUEST NO. 49**

49.     Produce all documents from January 1, 2010 to December 31, 2015 concerning mental health services available at the facility level or elsewhere to women who have complained of sexual misconduct.

**RESPONSE TO DOCUMENT REQUEST NO. 49**

State Represented Defendants also object to the extent that is not relevant to any claims or defenses of any party. State Represented Defendants further object as duplicative of Request No. 45.

Subject to and without waiver of the foregoing objections, see Response to Document Request No. 45.

Dated: New York, New York
August 5, 2019

LETITIA JAMES
Attorney General of the
State of New York
*Attorney for State Represented Defendants*

By: ___*/s/ Julinda Dawkins*_____
Julinda Dawkins
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Tel: (212) 416-8118
Email: Julinda.Dawkins@ag.ny.gov

To:     Zachary Margulis-Ohnuma
        Law Office of Zachary Margulis-Ohnuma
        260 Madison Ave., 17th Fl.
        New York, NY 10016

        Daniel McGuinness
        Law Offices of Daniel A. McGuinness, P.C.
        260 Madison Ave., 17th Fl.
        New York, NY 10016

        *Attorneys for Plaintiff*
        Ryan E. Manley
        Harris, Conway & Donovan, PLLC
        50 State Street, 2nd Fl.
        Albany, NY 12207

        *Attorneys for Defendant Moss*

        David B. Anders, Esq.
        Charles Pettengill Griffin, Esq.
        Wachtell, Lipton, Rosen & Katz
        51 West 52nd Street
        New York, NY 10019

        *Attorneys for Defendant Illa*

36