UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YEKATRINA PUSEPA,                                            :
                                                             :
                       Plaintiff,                            :    No. 17-CV-7954 (RA) (OTW)
                                                             :
           -against-                                         :    **OPINION & ORDER**
                                                             :
ANTHONY J. ANNUCCI, et al.,                                  :
                                                             :
                       Defendants.                           :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

   I.   INTRODUCTION

   On October 15, 2017, Plaintiff Yekatrina Pusepa ("Plaintiff"), a former inmate at Bedford Hills Correctional Facility (the "BHCF"), brought this action pursuant to 42 U.S.C. § 1983 and New York law, alleging that staff at the New York State Department of Corrections and Community Supervision (the "DOCCS") had sexually assaulted her and violated her civil rights. (ECF 4). The operative complaint (the "Second Amended Complaint," or "SAC") names as Defendants, among other persons, BHCF Superintendent Sabina Kaplan, ("Kaplan") and Christopher Nunez, an Investigator at DOCCS, Office of Special Investigations ("Nunez"). (ECF 54). Plaintiff alleged, *inter alia*: that Kaplan and Nunez had violated her Eighth Amendment right through deliberate indifference to Plaintiff's right to be free from sexual abuse (the "Third Cause of Action") (ECF 54 at ¶¶ 90, 223); and that Kaplan had violated her due process rights by conducting a deficient 60-day review of Plaintiff's placement in administrative segregation (the "Fifth Cause of Action") (ECF 54 at ¶ 252).

   On February 19, 2019, Judge Abrams issued an Opinion and Order dismissing certain claims, including the Third Cause of Action against both Kaplan and Nunez (ECF 70 at 18–20),

and the Fifth against Kaplan (ECF 70 at 21–25).  Plaintiff now seeks leave to amend the SAC and file a Third Amended Complaint (the "TAC"), which would allege new facts against Kaplan and Nunez learned in discovery and reassert the Third and Fifth Causes of action against them.  (ECF 237).

For the following reasons, Plaintiff's motion is **GRANTED**.[1]  Plaintiff is directed to file her Third Amended Complaint by **October 31, 2024**.

II.   BACKGROUND

A.   <u>Relevant Factual History</u>

The Court assumes familiarity with this case and briefly summarizes the relevant facts here.

As Superintendent of the BHCF, Kaplan was responsible for a number of supervisory functions (*see generally* ECF 70 at 7–18), including performing a review of the decision to confine Plaintiff to administrative segregation (ECF 70 at 4).  The initial hearing was conducted by Captain Michael Daye, on recommendation of Captain P. Artuz.  (ECF 70 at 4).  Plaintiff first appealed Daye's decision to Director A. Rodriguez, who affirmed Daye's decision on March 3, 2016.  (ECF 70 at 4).  On April 13, 2016, Kaplan notified Plaintiff that she had

---

[1] "[A] magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, 714 F. Supp. 3d 310, 318 n.1 (S.D.N.Y. 2024) ("[U]nless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to review under the 'clearly erroneous or contrary to law' standard of Rule 72(a).")).  Accordingly, the Court issues its decision as an Opinion & Order.

performed a 60-day review of Plaintiff's confinement, and affirmed Rodriguez's decision. (ECF 70 at 4).[2]

At all relevant times, Nunez was an Investigator for DOCCS at the Office of Special Investigations (the "OSI"). In March 2016, while Plaintiff was confined to administrative segregation, Nunez visited her and told her that if she "cooperated" and wrote a statement, he would help her get out of the SHU. (ECF 70 at 4–5). Nunez is broadly alleged to have known about Plaintiff's relationship with Correction Officer Ruben Illa ("Illa")[3] and allowed it to continue.

### B. Procedural History

Plaintiff filed her initial complaint on October 15, 2017. (ECF 4). This matter was referred to me for general pretrial management on April 26, 2019. (ECF 87). Since her initial filing, Plaintiff has amended her complaint twice, rendering the SAC the operative complaint. (ECF Nos. 44, 54).[4] At this juncture, Plaintiff's surviving claims are: the Second Cause of Action, for deliberate indifference in violation of the Eighth Amendment, against Anthony Annucci,

---

[2] Artuz, Daye, and Rodriguez were initially co-defendants in this action, but the claims against them have since been dismissed. *See infra* n.4. (*See generally* ECF 70).

[3] On December 6, 2019, Plaintiff filed a Notice of Voluntary Partial Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), dismissing, with prejudice, all claims asserted against Illa in the SAC. (*See* ECF 137).

[4] The SAC asserted claims against thirteen named defendants: (1) Anthony J. Annucci, Acting Commissioner of DOCCS; (2) Jason Effman, Associate Commissioner and Prison Rape Elimination Act Coordinator for DOCCS; (3) A. Rodriguez, Acting Director, Special Housing for DOCCS; Correction Officers at BHCF, (4) Ruben Illa, (5) M. Ali, (6) P. Artuz, (7) Michael Daye, (8) FNU Dukes, and (9) FNU Moss; (10) Dustin Rubaine, Investigator at DOCCS, OSI; (11) Steven Broomer, Investigator at the New York State Attorney General's Office; (12) Kaplan; and (13) Nunez. (ECF Nos. 54 at ¶¶210–276; 70 at 1). On February 19, 2019, Judge Abrams issued an Opinion and Order (ECF 70), dismissing claims against certain of these defendants, including, as relevant here, the Third and Fifth Causes of Action against Kaplan, and the Third against Nunez. (ECF 70 at 18–20, 21–25).

Jason Effman, and Kaplan (ECF 70 at 7–18); the Third Cause of Action, for deliberate indifference in violation of the Eighth Amendment, against Dustin Rubaine, Investigator at DOCCS, OSI, ("Rubaine") (ECF 70 at 18–20); the Fifth Cause of Action, for denial of due process under the Fourteenth Amendment, against Steven Broomer and Nunez, and against Rubaine with respect to his involvement in Plaintiff's pretextual confinement (ECF 70 at 21–28); the Sixth Cause of Action, for deliberate indifference in violation of the Eighth Amendment, against M. Ali (ECF 70 at 30–31); and the Eighth Cause of Action, for retaliation in violation of the First Amendment, against Moss (ECF 70 at 32–36).

On March 29, 2024, the parties jointly requested an extension of the deadline to amend the pleadings to September 15, 2024, which extension the Court granted on April 2, 2024. (ECF Nos. 222, 224). On August 30, 2024, the parties submitted a joint status letter to the Court, in which Plaintiff represented that she intended to file a proposed TAC that would reassert dismissed claims of deliberate indifference against Kaplan and Nunez, based on information learned during discovery. (ECF 234 at 1). Defendants took no position on amendment at the time, as the proposed TAC had not yet been shared with them. (ECF 234 at 1).

On September 13, 2024, Plaintiff filed the instant motion for leave to amend (ECF 237), attaching the proposed TAC (ECF 237-1) for the Court's review. Defendants Annucci, Effman, Kaplan, Nunez, Rubaine, Broomer, and Ali (the "State Represented Defendants," or "SR Defendants"), filed an opposition on September 20, 2024. (ECF 240). Defendant Moss took no position. (*See generally* Docket).

C. **The Proposed Third Amended Complaint**

The purpose of Plaintiff's proposed TAC is to "cure[] the pleading defects" that the Court identified in its February 19, 2019 Order, and to reassert the Third and Fifth Causes of Action against Kaplan, and the Third against Nunez, based on information obtained in discovery. (ECF 237 at 1–2). Both Kaplan and Nunez are currently parties to the action. (*See generally* ECF Nos. 54, 70). Plaintiff also represents that her proposed TAC would not require additional discovery or otherwise delay resolution of the case. (ECF 237 at 1).

As to the Third Cause of Action, the proposed TAC would allege that Kaplan and Nunez were aware of the risk that former-Defendant Illa would sexually assault Plaintiff, and were, therefore, deliberately indifferent to the serious risk of harm to Plaintiff. (ECF 237-1 at ¶¶ 36–41, 44). Specifically, the proposed TAC includes new allegations that:

- In March 2015, Kaplan approved Rubaine's request for a 60-day "mail watch" of Plaintiff's incoming and outgoing mail (ECF 237-1 at ¶ 89(b)–(c));

- In June 2015, Nunez and Rubaine "discussed a detailed plan to conduct surveillance" of Illa in the recreation yard where Plaintiff and Illa had reportedly engaged in inappropriate one-on-one conversations (ECF 237-1 at ¶ 89(e)); and

- In June 2015, Rubaine stated in an email to a supervisor that Kaplan had approved his plan to use a camcorder to surveil Plaintiff and Illa in the recreation yard (ECF 237-1 at ¶ 89(f)).

As to the Fifth Cause of Action, the proposed TAC would reassert that Kaplan's 60-day review of Plaintiff's placement in administrative segregation was deficient, and thereby violated

5

her due process rights.  (ECF 237-1 at ¶ 98).  Specifically, the proposed TAC includes new allegations that:

- Kaplan failed to "conduct a substantive review" of the evidence presented at the administrative hearing, as required by the relevant regulations (ECF 237-1 at ¶ 97);

- Kaplan "never reviewed the hearing testimony on which Plaintiff's administrative segregation was purportedly based" (ECF 237-1 at ¶ 98(a));

- Rubaine had discussed with another supervisor at the OSI that the escape accusation against Plaintiff was meritless *prior* to Kaplan's 60-day review (ECF 237-1 at ¶ 98(b)); and

- OSI personnel were "in close communication with Kaplan and her staff regarding Plaintiff's case during this period" (ECF 237-1 at ¶ 98(c)).

### III. DISCUSSION[5]

Under Rule 15(a)(2), the Court should "freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005).  This is a liberal and permissive standard.  *Sacerdote v. New York U.*, 9 F.4th 95, 115 (2d Cir. 2021).  A Rule 15(a) motion "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."  *Aetna Cas.*, 404 F.3d at 603–04 (citing *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)).  *See also Sacerdote*, 9 F.4th

---

[5] A motion for leave to amend a pleading may implicate Rule 16(b) as well as Rule 15(a).  Rule 16(b) comes into play when leave to amend is sought after a deadline to amend has expired.  Because Plaintiff requested the Court's leave to amend the SAC on September 13, 2024, prior to the September 15, 2024 deadline, analysis under Rule 16(b) is not required.

at 115.  Delay alone is insufficient justification for the denial of a motion to amend under Rule 15(a).  *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993).  The non-movant bears the burden of showing prejudice, bad faith and futility of the amendment, (*see id.*), while the party seeking leave to amend bears the burden of explaining a delay (*MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998)).

The SR Defendants assert that Plaintiff's proposed TAC would be futile and prejudicial.  They take no position regarding whether Plaintiff unduly delayed filing her proposed TAC or whether she did so in bad faith.  (*See* ECF 240).  For the following reasons, I find that the SR Defendants have not met their burden, and that Plaintiff should, therefore, be given leave to amend.

### A. Permitting Amendment Would Not Prejudice Defendants

The SR Defendants contend that permitting Plaintiff to reassert the Third and Fifth Causes of Action would prejudice Kaplan and Nunez because counsel had no opportunity to prepare them to defend these claims during their depositions, which were taken earlier this year.  (ECF 240 at 1).  When assessing whether a proposed amendment is unduly prejudicial, courts consider whether the assertion of the new claim or defense would: (1) require the non-movant to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the dispute's resolution; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction.  *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (citing *Block*, 988 F.2d at 350).  A court is "most hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim." *Monahan*, 214 F.3d at 284.

7

No such surprise is present here.  As Plaintiff notes, Kaplan and Nunez have been on notice of the general allegations in the Third and Fifth Causes of Action since the initial complaint was filed in 2017.  (*See* ECF 237 at 4).  The SR Defendants have also been on notice of Plaintiff's intent to amend her complaint since at least March 29, 2023, (*see* ECF 222), and of Plaintiff's intent to amend as to these specific Defendants, and as to the Third Cause of Action in particular, since at least August 30, 2024 (ECF 234).  Furthermore, there is low risk that any of the Defendants will need to expend significant additional resources to conduct discovery; indeed, their opposition contains no argument to the contrary.  (*See generally* ECF 240).  Conversely, Plaintiff has represented that she at least does not intend to take additional discovery in connection with the new allegations in the proposed TAC.  (ECF 237 at 3).  Thus, Plaintiff's amendment would not prejudice the SR Defendants.

B. **Amendment Would Not Be Futile**

The SR Defendants also argue that Plaintiff's proposed amendments to the Third and Fifth Causes of Action would be futile because (1) the SR Defendants intend to seek summary judgment on these claims if reasserted, and (2) the evidence adduced does not establish these claims.  (*See* ECF 240 at 2).  Specifically, as to the Third Cause of Action, the SR Defendants assert that the new factual allegations in Plaintiff's proposed TAC do not indicate that Nunez and Kaplan knew of the relationship between Plaintiff and Illa, and that "there has been no evidence produced to establish that either [Kaplan or Nunez] knew that Plaintiff was at imminent risk of sexual abuse and allowed an illicit relationship to continue."  (ECF 240 at 2).  As to the Fifth Cause of Action, the SR Defendants assert that "the evidence produced does not establish that Kaplan failed to 'review' the administrative hearing."  (ECF 240 at 2).

8

Prior to summary judgment, an amendment is futile when the proposed amended complaint would not survive a Rule 12(b)(6) motion to dismiss. *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). *Cf. Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The SR Defendants have not met their burden to show futility. At this phase of litigation, where no summary judgment motion has been filed, Plaintiff's proposed amendments should not be evaluated on whether they would survive the SR Defendants' hypothetical summary judgment motion, but whether they would survive a motion to dismiss. *Lucente*, 310 F.3d at 258; *Milanese*, 244 F.3d at 110. I find that Plaintiff's proposed amendments could survive a motion to dismiss, and that, consequently, amendment would not be futile.

The new allegations that Plaintiff offers in support of the Third Cause of Action constitute more than the "mere linkage in the prison chain of command" that the Court held that the SAC had alleged. (ECF 70 at 20, citing *Richardson v. Goord*, 347 F.3d 431, 435 (2d. Cir. 2003)). The new allegation that Rubaine said that Kaplan had approved his plan to surveil the recreation yard could reasonably support an inference that Kaplan knew about Plaintiff's relationship with Illa, and that Kaplan was, therefore, deliberately indifferent to the substantial risk of serious risk of harm to Plaintiff. (ECF 237-1 at ¶ 89). Likewise, the new allegation that

9

Rubaine specifically discussed his surveillance plan with Nunez could reasonably support an inference that Nunez had the same information about the relationship, and was also deliberately indifferent to the risk of harm to Plaintiff. (ECF 237-1 at ¶ 89).

As to the Fifth Cause of Action, the allegations that Kaplan failed to review the hearing testimony on which Plaintiff's administrative segregation was purportedly based, and that Rubaine and another OSI supervisor had discussed that the escape allegations against Plaintiff were likely meritless before Kaplan's review—rather than after, as alleged in the SAC[6]—could reasonably support an inference that Kaplan's review of the 60-day order was deficient, and that Kaplan thereby violated Plaintiff's due process rights. (*See* ECF 237-1 at ¶ 98).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend her complaint is **GRANTED**. Plaintiff is directed to file her Third Amended Complaint by **October 31, 2024**.

**SO ORDERED.**

Dated: October 25, 2024
      New York, New York

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

---

[6] In her Opinion and Order dismissing certain of Plaintiff's claims, Judge Abrams noted that Plaintiff had alleged only that Rubaine and Kaplan had discussed Plaintiff's confinement to administrative segregation *after* Kaplan had conducted her 60-day review, and that "[t]he existence of that conversation does nothing to show that Plaintiff's confinement was pretextual when she reviewed Plaintiff's placement in Ad Seg." (ECF 70 at 24–25). (*See* ECF 54 at ¶¶ 97, 104). Now, Plaintiff alleges that key conversations occurred between Rubaine and OSI personnel regarding her confinement *before* Kaplan's review.